Brinkerhoee, C.J.
This case presents the question whether,, in case of a divorce of husband and wife by a decree of a court of common pleas of this state, and, by the same decree, the custody and control of the minor children of the marriage are-given to the mother, a change of such custody can afterward be- *434 effected, either through the medium of such jurisdiction as accompanies the process of habeas corpus, or by the appointment of a guardian of the persons of the children by a probate judge ? — and whether, in case a change of the custody of the children should be required with a view to their benefit, it must not be effected by means of an order of the court rendering the original decree ?
By the fourth section of the act of March 11, 1853, “ con'Cerning divorce and alimony” (8 Curwen’s Stat. 2167), in ■force when the parties in this case were divorced, the court •decreeing a divorce is directed “to make such order for the ■disposition, care, and maintenance of the children of such marriage, if any there be, as shall be just and reasonable.”
That this statute conferred ample power on the court of ■common pleas permanently to fix the rights and duties of ■divorced parents in respect to the custody of their minor ■children, can not well be doubted; and the uniform practice ■of our courts is believed to have proceeded on this assumption.
Here, then, we have a case in which the question as to who was to have the permanent control and custody of these children is res adjudicata, and the right of the mother to such ■custody and control is fixed by a court of competent jurisdiction. But the question remains — what is the remedy, in case, subsequent to the decree, such changes either in the character or the circumstances of the parties occur, that the best interests of the children require a change of the custody as fixed by the decree? This question has never been authoritatively •decided in this state, and has occasionally given rise to embarrassment. On the one hand there would seem to be a ■manifest impropriety in permitting a court of inferior juris■diction, like the probate court, either by habeas corpus or by the appointment of a guardian, to interfere with the rights and domestic relations of parties already fixed by decree; and, on the other hand, our statutes nowhere expressly confer upon the court making the decree the authority subsequently to open up and modify its original orders in respect to the cusitody and control of children.
*435 The statute of Illinois on this subject is substantially similar to our own. It provides that “ where a divorce shall be decreed, it shall and may be lawful for the court to make such order touching . . . the care, custody, and support of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be fit, reasonable, and justbut it confers no express authority for further action by the court in the premises subsequent to the decree. Yet the supreme court of that state in Cowls v. Cowls, 3 Grilman, 435, approved in Miner v. Miner, 11 Illinois R. 43, hold that the children of divorced parties are in some sense the wards of the court, and that the court decreeing the divorce, may, in the exercise of chancery jurisdiction, at any time after decree of divorce, make such other and further orders in respect to the care and custody of the children as the circumstances may require.
So the statute of Indiana (1 Rev. Stat. 237) provides that “ the court in decreeing a divorce shall make provision for the guardianship, custody, and support and education of the minor children of such marriage,” but contains no provision for subsequent action of the court in the premises. Under this statute the supreme court of Indiana has held, in Williams v. Williams, 13 Indiana R. 523, that “ where, upon granting a divorce, the court, in its judgment, assigns the custody of the children to one of the parties, such disposition of the children will control, till the judgment making it is modified by the court, upon proper application; and can not be disregarded in a subsequent proceeding by habeas corpus to obtain possession of the children.”
In the cases referred to, the supreme courts of Illinois and Indiana seem to regard the jurisdiction conferred by the statutes on the courts granting divorces, in respect to the care and custody of the children of the parties, as being in its nature a continuing jurisdiction over the subject matter, and subject to be invoked at any time, on ■ proper application, whenever the circumstances of the case may require it. And with this view of the case we incline to accord. There is a *436 marked distinction between an order in respect to the custody of children made by the court on decreeing a divorce of the parents, and one made by a court in habeas corpus. The latter covers only the right of custody, as existing at the time the order is made, and during such time thereafter as the character and circumstances of the parties and of the case remain without material change; and to that extent only is res adjudicata. While the former is of permanent obligation so long as it remains in force and unmodified.
The court making the original decree is the proper forum in which to seek a modification of its orders; and it would be vexatious and dangerous to permit probate courts, either by habeas corpus or letters of guardianship, to interfere with them, directly or indirectly, except, it may be, to enforce them. And cases of this kind, too, often present questions of a difficult, delicate, and important character, and a wise public policy would seem to require that they be dealt with by courts which, from their dignity, and the nature of their constitution and jurisdiction, afford the best presumption of ability properly to dispose of them.
As to the mode of proceeding to obtain a modification of orders made in cases of divorce in respect to the custody of children, we have no settled practice. The mode adopted and approved in Illinois was by petition setting forth the facts on the ground of which the modification or further order was prayed for; and such, it seems to me, would be a correct mode of proceeding.
The statute of April 12,. 1858, “concerning the relation of guardian and ward” (4 Curwen’s Stat. 8065), authorizes, in genera] terms, probate courts to appoint guardians, in proper cases, as well of the persons as of the property of infants; but the jurisdiction there conferred does not purport to be exclusive, and we can see nothing in that act to indicate that the legislature intended to repeal or supersede the jurisdiction conferred by the act concerning divorce and alimony upon the court of common pleas; or that it intended to authorize pro- *437 Sate courts to disregard or override tbe decrees of a court of superior general jurisdiction remaining in full force.
Tbe judgment of tbe district court, therefore, and tbe orders and rulings of tbe probate court, are reversed, and the petition of John Hoffman in tbe probate court is dismissed, with costs.
Scott, Day, White, and Welch, JJ., concurred.